| | | |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Susan Fairchild<br>Officer: Jason Armstrong | Telephone: (313) 226-9577<br>Telephone: (313) 319-9263 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Jeronimo VILLALPANDO-GUTIERREZ,

Case No. 2:25-mj-30385
Judge: Unassigned,
Filed: 06-13-2025 At 04:55 PM
CMP JERONIMO VILLALPANDO-GUTIERREZ (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 3, 2025__ in the county of __Gratiot__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

On or about June 3, 2025, in the Eastern District of Michigan, Southern Division, Jeronimo VILLALPANDO-GUTIERREZ, an alien from Mexico, was found in the United States after having been denied admission, excluded, deported, and removed there from on or about November 3, 2013, and not having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_Complainant's signature_

Jason Armstrong, Deportation Officer, ICE
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __June 13, 2025__

_Judge's signature_

City and state: __Detroit, MI__

Elizabeth A. Stafford, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Jason Armstrong, declare the following under penalty of perjury:

1. I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) of the United States Department of Homeland Security (DHS) at the Detroit Field Office. I have been employed in this capacity since September 2017. I am currently assigned to the Detroit ICE/ERO Criminal Alien Program, and my responsibilities include the investigation of immigration and nationality offenses. Previously, I served as an Investigative Analyst with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for approximately two years and as a Correctional Officer with the Bureau of Prisons (BOP) for approximately five years.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and an arrest warrant for Jeronimo VILLALPANDO-GUTIERREZ, a native and citizen of Mexico, who has violated Title 8, United States Code, Section 1326(a), unlawful re-entry following removal from the United States.

3. The information contained in this affidavit is based upon my personal knowledge and observations, information provided by other law enforcement personnel to include ICE/ERO Deportation Officers, and database record checks. I have also reviewed records from the official immigration file and system automated data relating to VILLALPANDO-GUTIERREZ. I have not included every fact known to law enforcement related to this investigation.

## PROBABLE CAUSE

4. VILLALPANDO-GUTIERREZ is a fifty-five-year-old citizen and a native of Mexico who last entered the United States on an unknown date, at an unknown place, without being inspected and admitted or paroled by an immigration officer.

1

5. On December 8, 1996, the Arizona Public Safety Department arrested VILLALPANDO-GUTIERREZ for the offense of driving under the influence of liquor. This case has no listed disposition.

6. On or about October 21, 2005, the United States Border Patrol (USBP) encountered VILLALPANDO-GUTIERREZ at or near Lukeville, Arizona and voluntary returned him to Mexico the same day.

7. On or about February 27, 2013, the USBP encountered VILLALPANDO-GUTIERREZ at or near Sasabe, Arizona.

8. On February 28, 2013, the USBP issued and served VILLALPANDO-GUTIERREZ a Form I-860; Expedited Removal Order.

9. On or about March 1, 2013, ICE removed VILLALPANDO-GUTIERREZ from the United States to Mexico.

10. On or about March 22, 2013, the USBP encountered VILLALPANDO-GUTIERREZ at or near Hidalgo, Texas.

11. On March 23, 2013, the USBP issued and served VILLALPANDO-GUTIERREZ a Form I-871; Notice of Intent/Decision to Reinstate Prior Order.

12. On May 9, 2017, an Immigration Judge (IJ) in Texas ordered VILLALPANDO-GUTIERREZ removed from the United States to the Mexico.

13. On or about March 27, 2013, ICE removed VILLALPANDO-GUTIERREZ from the United States to Mexico.

14. On or about November 2, 2013, the USBP encountered VILLALPANDO-GUTIERREZ at or near Roma, Texas and served him a Form I-871; Notice of Intent/Decision to Reinstate Prior Order.

15. On or about November 3, 2013, ICE removed VILLALPANDO-GUTIERREZ from the United States to Mexico.

16. On June 2, 2025, the Ithaca Police Department in Ithaca, Michigan, arrested VILLALPANDO-GUTIERREZ for the offense of operating while impaired. VILLALPANDO-GUTIERREZ was seen traveling at a high rate of speed (83 MPH in a 55 MPH zone), swaying on the road and traveling in the center of both lanes. A traffic stop was conducted. After some delay, the car stooped and pulled off the road. During the traffic stop, law enforcement officers observed that VILLALPANDO-GUTIERREZ had glossy and bloodshot eyes. Open alcoholic beverages were found in the car. VILLALPANDO-GUTIERREZ exited the car and was unable to walk steadily. He was arrested for OWI and Open Intoxicants. This case is currently pending disposition.

17. On June 3, 2025, the Ithaca Police Department notified ICE of VILLALPANDO-GUTIERREZ being in their custody. After determining that VILLALPANDO-GUTIERREZ was illegally in the United States, ICE issued a Detainer and issued an ICE Warrant of Removal. The same day, ICE transferred VILLALPANDO-GUTIERREZ from the Gratiot County Jail into ICE custody.

18. The arrest and subsequent detention of VILLALPANDO-GUTIERREZ was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

19. VILLALPANDO-GUTIERREZ's fingerprints and photographs were captured and searched in the ICE/FBI systems. The fingerprints returned with a positive match for Jeronimo VILLALPANDO-GUTIERREZ, a native and citizen of Mexico who had previously been removed from the United States.

20. A review of VILLALPANDO-GUTIERREZ's immigration file, record checks, and queries in the U.S. Department of Homeland Security databases confirmed that VILLALPANDO-GUTIERREZ did not obtain the permission or express consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States following his removal on November 3, 2013.

21. On June 3, 2025, ICE/ERO served VILLALPANDO-GUTIERREZ with Form I-871, Notice of Intent/Decision to Reinstate Prior Order.

## CONCLUSION

22. Based on the above information, I believe there is probable cause to conclude that Jeronimo VILLALPANDO-GUTIERREZ is native and citizen of Mexico who was previously removed from the United States on or about November 3, 2013, and was thereafter found by immigration authorities in the United States, on or about June 3, 2025, in the Eastern District of Michigan, without having obtained the express consent or permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, all in violation of Title 8, United States Code, Section 1326(a).

_____
Jason Armstrong, Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me in my
presence and/or by reliable electronic means.

_____
Honorable Elizabeth A. Stafford
United States Magistrate Judge